JULIUS IMGARD and FRANK WANIER, Executors, Etc., Respondents,
v. JOHN J. ASHLEY, Appellant.

APPEAL from a judgment entered on the verdict of a jury, by
direction of the court, and from an order denying a motion for
a new trial. The opinion states the facts.

Hylan & Underhill (George Tiffany, of counsel), for appellant.

James A. Allen, for respondents.

DELEHANTY, J. The action is upon a judgment of this court,
entered in May, 1885, in favor of plaintiffs' testator, and against
the defendant herein. The defense is payment and satisfaction,
by the delivery of certain goods to and acceptance thereof by the
testator in his lifetime. Upon the trial the plaintiffs put in evi-
dence the necessary record proof of their claim, and then called
one of the plaintiffs, who testified that neither he, nor his coexecu-
tor, had ever received payment of the judgment, or any part
thereof. He was unable to say, however, whether any payment
on account thereof had ever been made his testator. Plaintiffs
thereupon having rested, the defendant, to maintain the issue of
payment, then put in evidence a postal card sent to him by the
plaintiffs' testator, on March 6, 1886, asking for the lowest price
on four gross of electric plasters, to be applied on account; also
the following letter, which is quoted in full, on account of its
seeming importance:

                                        " *March 17th,* 1886.
" Mr. ASHLEY:
   " DEAR SIR.— If you will send me two gross each style as I had
last of you, at same price, I will push same, as I have done in
our stores; am helping you in selling same & will credit your
account with same amount and send receipt for same. I am will-
ing to help you all I can to pay your debt, by crediting all goods
I can sell, and it will certainly make sales for same plasters else-
where, which makes best advertising for you, without any cost.
Send plasters at once to 49th and 6th Ave., as this is the best sea-
son, next four weeks.
                                        " Yours truly,
                                            " ALBERT IMGARD."

For the purpose of further identification, the envelope which
contained the communication referred to was received in evidence,

and upon its face appears the address, " J. J. Ashley, Brooklyn, L. I.," and in one of the corners, " Ashley Electric Plasters." The defendant then testified that he delivered and left plasters at the drug store of Mr. Imgard, after the entry of judgment and before his death in 1890, to the amount and reasonable value of two hundred and eight dollars ($208) ; that Mr. Imgard saw the plasters there, and that thereafter no one called upon him — defendant — with reference to the judgment, until this action was commenced, although during all of said time he had resided continuously in Brooklyn, in this State. At the close of plaintiffs' case, defendant moved for a dismissal of the complaint for lack of proof, which was denied, and that motion was renewed again at the end of the whole case, and again denied. To those rulings exceptions were duly noted. Like rulings were also made to a request for a direction of a verdict in favor of defendant, and for leave to go to the jury, to which exceptions were also duly taken. Thereupon the court directed a verdict in favor of plaintiffs for the full amount claimed, and an exception thereto was also noted.

In our opinion the jury should have been allowed to pass upon the question of payment. The great lapse of time, namely, seventeen years, since the obtaining of the judgment, raised a presumption of payment, which, while not conclusive, entitled defendant to a submission of that question to the jury, as evidence in support of his defense thereof. Macaulay v. Palmer, 125 N. Y. 742.

It follows, therefore, that the direction of a verdict was error, which requires a reversal of the judgment.

The judgment and order is, therefore, reversed and a new trial ordered, with costs to appellant to abide the event.

McCarthy and Seabury, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.